UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Evan Petros,

        Plaintiff,

v.

Benjamin & Benjamin, Inc.,

        Defendant.

_____/

Case No. 12-15602

Honorable Nancy G. Edmunds


**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, ATTORNEY FEES, COSTS, LITIGATION EXPENSES, AND EXPERT FEES [Dkt. 11]**


Before the Court is Plaintiff Evan Petros's Motion for Default Judgment, Attorney Fees, Costs, Expert Fees, and Litigation Expenses against Defendant Benjamin & Benjamin, Inc. Plaintiff seeks judgment for injunctive relief under the anti-discrimination provisions of the Americans With Disabilities Act (ADA) 42 U.S.C. § 12181 *et seq.* As Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 55(b)(2) for a default judgment and has alleged facts sufficient under Title III of the ADA to qualify for injunctive relief and attorney fees, costs, expert fees, and litigation expenses, the Court GRANTS IN PART Plaintiff's motion.

**I.    Facts**[1]

---

[1]"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint[.]" *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D.Mich. 2006) (Cleland, J.).

Plaintiff, wheelchair-bound as a result of Polio, is disabled within the meaning of the ADA, specifically, 42 U.S.C. § 12102 (2013) and 28 C.F.R. § 36.104 (2013).[2]   (Compl. ¶ 4)  On July 25, 2012, Plaintiff went to the Jamins Sports Bar (the Bar), located in Flint, Michigan; the Bar is a place of public accommodation under Title III of the ADA, and an establishment that Plaintiff has had occasion to visit in the past, and planned on visiting again. (Compl. ¶ ¶ 8-10, 13) Defendant owns, leases, leases to, or operates the Jamins Sports Bar, and is responsible for maintaining the Bar's ADA compliance. (Compl. ¶ 11)

At the Bar, Plaintiff encountered numerous accessibility barriers, including but not limited to: excessive level changes on the accessible route, inaccessible counters and tables, no wheelchair designated parking, no grab-bars and insufficient space to maneuver a wheelchair in the restroom, the restroom sink has exposed pipes and a non-compliant faucet, the restroom mirrors and dispensers are too high, and the toilet flush is on the wrong side of the toilet. (Compl. ¶ 15)

Plaintiff filed suit in the U.S. District Court for the Western District of Michigan on October 26, 2012, at which point a summons was issued for Defendant Benjamin & Benjamin, Inc. (Dkt. 3) The summons was returned executed on November 29, 2012, indicating that Defendant was served on November 15, 2012; the answer was due by December 6, 2012. (*Id.*) Defendant filed a motion for extension of time to file an answer and requested a pre-motion conference on December 4, 2012. (*Id.*) On December 19, 2012, Plaintiff filed a motion to change venue and on December 20, 2012, Judge Janet T.

---

[2]Plaintiff currently has at least eight ADA lawsuits pending in the Eastern District of Michigan, including *Petros v. 7011 Gratiot Ave., LLC,* Case No. 13-11742, which has also been assigned to this Court.

Neff of the Western District of Michigan granted the motions for an extension of time to file an answer and for a change of venue, and denied the motion for a pre-motion conference. (*Id.*)

Once before this Court, Defendant's attorney withdrew from the case and, shortly thereafter, Defendant filed a motion requesting more time to respond to the complaint and to hire replacement counsel. (Dkt. 4 & 5) The Court granted Defendant's request, requiring an answer and appearance by new counsel no later than February 7, 2013. (Dkt. 6)

February 7, 2013 came and went without any further filings from Defendant. Upon Plaintiff's motion, the Clerk's Entry of Default against the Defendant was entered on March 1, 2013. (Dkt. 9-10) Finally, on April 16, 2013, Plaintiff filed the Motion for Default Judgment currently before the Court. (Dkt. 11) Plaintiff makes no mention of her state law claims.

## II.   Analysis

Plaintiff has provided the required documentation and support to sustain a default judgment, the Court therefore grants Plaintiff's motion for default judgment insofar as it requests an order directing that the Bar be brought into compliance with the applicable ADA standards. Plaintiff's demand that the Bar be closed to the public while the renovations are underway, however, is denied, as Plaintiff fails to demonstrate any legal basis for such punitive measures. Plaintiff's request for attorney fees, costs, expert fees, and litigation expenses is also granted in part.

### A. Standards for default judgment and injunctive relief

In most cases, in order to obtain a default judgment, a plaintiff must demonstrate the following:

1.   The nature of the claim;

3

2.   That the return of service was filed with the court and that service was properly made on the defendant;

3.   A statement that the defendant is not:

   a)   an infant or incompetent person, or;

   b)   in the military service;

4.   The date the Clerk entered a default because the defendant failed to plead or otherwise defend in accordance with Federal Rule of Civil Procedure 55(a);

5.   The sum certain or the information necessary to allow the computation of a sum certain, and;

6.   If an award of interest, costs, or attorney fees is sought, the legal authority and supporting documentation for interest, costs or attorney fees.

*See* Fed. R. Civ. P. 55(b); E.D. Mich. LR 55.2.

Here, however, as Plaintiff is seeking injunctive relief under the ADA, the requirement of presenting the Court with a "sum certain" is irrelevant. Plaintiff has not pointed to any specific case law or statutory provisions authorizing the implementation of injunctive relief by way of a default judgment.[3] A brief review of the issue by the Court suggests that such relief is available, especially in cases like this one, where there is no doubt regarding Defendant's notice of the proceedings. *See e.g., U.S. v. Aiken*, 867 F.2d 965 (6th Cir. 1989) (maintaining a permanent injunction and default judgment against a mining company after the sole shareholder's death).

---

[3] Plaintiff does point to *Access 4 All, Inc. v. Ulster Heights Properties, Inc.*, 1:07-cv-2923, 2008 WL 5582198 (S.D.N.Y. December 10, 2008) for illustrations of the relief "to which a plaintiff is entitled in the wake of a default" including injunctive relief. (Pl.'s Mot. p. 3-4). However, a review of *Access 4 All* reveals no such illustration. Rather, Plaintiff cites an out of jurisdiction report and recommendation regarding the availability of attorney fees for a lawyer who successfully moved for dismissal of an ADA complaint against his clients.

4

Indeed, Plaintiff's demand for injunctive relief is appropriate, as Title III of the ADA provides for permanent injunctive relief under certain circumstances, however, as with any request for permanent injunctive relief:

> ...a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.* 547 U.S. 388, 391 (2006).

Plaintiff has not explicitly met all four prongs of the *eBay* test, however, a review of the complaint and motion reveal an implicit demonstration of the elements not explicitly addressed:

1. Plaintiff has suffered an irreparable injury in that she is foreclosed from enjoying the benefits of service at the Bar, an establishment she has visited in the past and plans on returning to in the future (Compl. ¶ ¶ 8-10, 13, 26);

2. the statutory remedy is injunctive relief, 42 U.S.C. § 12188 (2013) (specifically authorizing injunctive relief), (Compl. ¶ 26);

3. given the "readily achievable" standards discussed below, the balance of hardships falls in Plaintiff's favor, and;

4. the public interest weighs in favor of requiring a place of public accommodation to comply with the accessibility requirements of the ADA, as the injunctive relief sought here would serve the public interest by making a local establishment more accessible with little to no negative effect on the rest of the community.

5

### ii. Plaintiff is entitled to default judgment and injunctive relief in part

The ADA authorizes injunctive relief when a business violates its anti-discrimination provisions. Specifically, 42 U.S.C. § 12188(a)(2) states:

> [i]n the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

Plaintiff's complaint and motion for default judgment establish conditions in the Bar that violate 42 U.S.C. § 12182(b)(2)(A)(iv) (2013). Section 12182(b)(2)(A)(iv) in particular defines a failure to remove architectural barriers in existing facilities where such removal is readily achievable as discrimination under the ADA. Federal regulations, additionally, lay out a list of specific steps that can be taken to remove barriers to access.[4] Plaintiff lists twelve specific instances of ADA discrimination in the form of architectural barriers, many of which could be redressed by taking some of the specific steps suggested in 28 C.F.R. § 36.304. For instance, Defendants can cover exposed sink plumbing with insulation, reposition the public restroom dispensers and install grab-bars.

The ADA has three distinct categories of requirements for accessibility corresponding to dates of original construction and subsequent alterations to places of public accommodation. Because Plaintiff has not demonstrated which category the Bar belongs to, this Court is inclined to apply the least restrictive category, requiring removal

---

[4] 28 C.F.R. § 36.304 (2013) lists, among other things, insulating pipes under sinks, rearranging tables to create more floor space, and reconfiguring restroom partitions as part of a non-exclusive list of "readily achievable" solutions to accessibility problems.

6

of barriers to access where such removal is "readily achievable." 42 U.S.C. §§ 12182(b)(2)(A)(iv) & 12188(a)(2).

For the purposes of Title III, the ADA states that "[t]he term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C.A. § 12181(9) (2013). As this is a motion for default, and the Court must take as true the facts alleged in the complaint, the Court finds that correction of the complained of barriers to access to be readily achievable. (Compl. ¶ 20) Given Title III's specific language that eases the potential economic burden of correcting non-compliant premises by only requiring modifications "able to be carried out without much difficulty or expense," this Court fails to see how Plaintiff's demand that the Bar be closed to the public during the remediation period is appropriate. Ordering the Bar closed would undoubtedly cause a serious economic hardship for the Bar and, furthermore, there is no mention of authorizing the extraordinary measure of forcing a business to close in any of the sections of the ADA relied on by Plaintiff.

In light of the foregoing, Plaintiff's motion for an order directing Defendant to bring the Jamins Sports Bar into compliance with Title III of the ADA is GRANTED, however, that portion of Plaintiff's motion demanding the Jamins Sports Bar be closed to the public until all barriers to access have been removed is DENIED.

**B. Plaintiff is entitled to attorney fees, costs, expenses and expert fees**

Plaintiff also requests attorney fees, costs, expert fees, and litigation expenses, pursuant to 42 U.S.C. § 12205 (2013). Plaintiff cites *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001) for the proposition that there must be a judicially sanctioned change in the legal relationship between the parties

in order for one party to be deemed "prevailing" under statutes granting attorney's fees. In this case, the Court's granting in part of Plaintiff's motion for a default judgment creates the necessary judicially sanctioned change in the legal relationship between the parties, thereby making Plaintiff eligible for an award of attorney's fees. *Id.*

### i. Calculating an appropriate award of fees, costs, and expenses

Pete M. Monismith, attorney for Plaintiff, has supplied this Court with a line item breakdown of his work on this case, along with the same for his paralegal, a list of costs and expenses, and the qualifications of the expert retained on this case and copies of the work produced by that expert. Mr. Monismith asks this Court to award attorney fees at a rate of $425.00 per hour for 33.5 hours, paralegal fees at a rate of $115.00 per hour for 2.8 hours, costs and expenses of $453.32, and expert fees of $776.63.

Plaintiff's motion notes that the analysis regarding reasonableness of attorney fees should be based on the prevailing rate for comparable work in the district in which the case is brought. *See Hensley v. Eckerhart* 461 U.S. 424, 430 (1983); *Patrolmen's Benevolent Ass'n of the City of New York, Inc. v. The City of New York*, No. 97-7895, 2003 WL 21782675, at *2 (S.D.N.Y. July 31, 2003), and; *Marisol v. Giuliani*, 111 F.Supp.2d 381 (S.D.N.Y. 2000). The only case Plaintiff cites with respect to court awarded attorney fees in the Eastern District of Michigan is *Betancourt v. 3600 Centerpoint Parkway Investments, LLC*, No. 03-72868 (E.D. Mich. 2004) granting attorney fees of $325.00 per hour in 2004. Plaintiff cites a more recent Western District of Michigan case, *Betancourt v. NRPV, Inc*, 1:11-cv-977 (W.D. Mich. 2021) also granting $325.00 per hour in 2012. The other cases cited by Plaintiff in support of an award of $425.00 per hour are from varying Districts around the county.

8

Plaintiff also relies on *Hensley v. Eckerhart*, in which the Supreme Court approves of twelve factors that a court may consider when awarding reasonable attorney fees in the context of civil rights litigation. 461 U.S. 424. The Court need not go through a lengthy analysis of all twelve factors, as the language of *Hensley* is suggestive, but does not create an obligation on courts to engage in such an analysis. *Id.* Instead, in a case such as this, it is sufficient to turn to the prevailing rate for comparable work in the district in which the case is brought.

Here, the Court relies on the State Bar of Michigan's 2010 "Economics of Law Practice Survey," which was released in early 2011.[5] The State Bar Survey provides information regarding attorney fees in Michigan based on location, area of practice, and firm size, *inter alia*. Some relevant figures include $325.00 per hour for civil rights attorneys, and $375 per hour for practitioners in the City of Detroit. Both of those figure are in the 75th percentile of billing rates.

Given Plaintiff's requests and the data from the State Bar Survey, the Court finds a reasonable rate for Mr. Monismith's services to be $350.00 per hour. The Court also finds Plaintiff's request for costs, litigation expenses, and expert fees to be reasonable on its face. Therefore, this Court GRANTS Plaintiff's request for an award of attorney fees, costs, litigation expenses, and expert fees in the following amounts: $11,725.00 in attorney fees, $322.00 in paralegal fees,  $453.32 for costs and expenses, and expert fees in the amount of $776.63.

### C. State Law Claims Are Dismissed

---

[5] Available at http://www.michbar.org/pmrc/articles/0000146.pdf last visited May 10, 2013.

In her Complaint, Plaintiff claims damages under the Michigan Persons With Disabilities Civil Rights Act (MPDCRA) Mich. Comp. Laws § 36.1101 *et seq.* Plaintiff does not seek judgment on her MPDCRA claims in the instant motion, nor were her MPDCRA claims mentioned during the hearing held on May 15, 2013. In light of Plaintiff's success on her federal law claims, and due to her apparent abandonment of her state law claims, the Court hereby DISMISSES Plaintiff's state law claims. *Carlisle v. U.S.,* 517 U.S. 416, 426 (1996) (noting a court's inherent power to dismiss claims *sua sponte* for failure to prosecute); *but see Rogers v. City of Warren* 302 Fed.Appx. 371, 376 (6th Cir. 2008) (discouraging *sua sponte* dismissals without appropriate notice).

## III.    Conclusion

For the above-mentioned reasons, the Court GRANTS IN PART Plaintiff's motion for Default Judgment. The Court ORDERS Defendant to bring Jamins Sports Bar into compliance with Title III of the ADA within 180 days of this ruling by 1) repairing the excessive level changes on the accessible route; 2) adding a wheelchair accessible counter; 3) adding a wheelchair accessible table; 4) adding a designated wheelchair accessible parking space; 5) creating clear floor space in the public restroom sufficient for wheelchair access; 6) creating sufficient clearance around the water closet in the public restroom for wheelchair access; 7) adding dispensers in the public restroom at a height appropriate for wheelchair access; 8) adding a mirror in the public restroom sufficient for use from a wheelchair; 9) adding grab-bars in the public restroom for use by the wheelchair-bound; 10) insulating the pipes under the sink in the public restroom; 11) adding compliant faucets on the sink in the public restroom, and; 12) correcting the location of the toilet flush on the toilet in the public restroom. With regard to the corrections required in the

10

public restroom, if Defendant finds that the addition of a designated, unisex handicapped public restroom is less burdensome than complying with the individual items listed above, such an addition will be deemed in compliance with this order. Furthermore, the Court hereby DENIES that part of Plaintiff's motion requesting Jamins Sports Bar be closed to the public. The Court also AWARDS $11,725.00 in attorney fees, $322.00 in paralegal fees, $453.32 for costs and expenses, and expert fees in the amount of $776.63 for a total of $13,276.95. Finally, the Court DISMISSES Plaintiff's remaining state law claims.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol Hemeyer